## In re HALLBAUER.

**(District Court, S. D. Florida.  December, 1920.)**

**Bankruptcy ⬤ᴍ184(1)—Writing held to constitute valid mortgage.**

    A writing, "Sold to R., Tampa, Fla., two Apperson cars, Nos. 21458, 21340, $5,500.00.  Paid"—signed by bankrupt, *held* to constitute a valid mortgage to secure a loan; the bankrupt placing such cars in his salesroom and demonstrating them for sale in all respects the same as other cars in his salesroom.

In Bankruptcy.  In the matter of A. L. Hallbauer, bankrupt.  On petition of R. L. Young to reclaim automobiles.  Petition denied.

    See, also, 275 Fed. 126.

N. B. K. Pettingill, of Tampa, Fla., for petitioner.

Jackson & Withers, of Tampa, Fla., for trustee.

CALL, District Judge.  This cause comes on for a hearing upon the petition to review an order of the referee sustaining exceptions to the petition of R. L. Young to reclaim certain automobiles from the possession of the trustee in bankruptcy.  The claim of the petitioner is that he on the 22d day of March, 1920, purchased from the bankrupt two Apperson automobiles 'for the price of $5,500.  The bankrupt on said day delivered to the petitioner a paper writing in the words and figures as follows:

                                           "Tampa, Fla., March 22, 1920.

    "Sold to R. L. Young, attorney, Tampa, Fla., two Apperson cars, Nos. 21458, 21340, $5,500.00.  Paid.                  A. L. Hallbauer."

The testimony and findings of the referee show this state of facts.  These two cars were received in Tampa, the bill of lading had attached to it a draft for the amount the dealer was to pay, which with war tax and freight amounted to $5,703.76.  The petitioner paid the bankrupt the sum of $5,500, which the bankrupt deposited in his bank with other sums, took up the bill of lading, received the cars from the railroad, and placed same in his salesroom, demonstrated same for sale, and apparently treated them in all respects the same as other cars in his salesroom.  It also appears that the bankrupt was the Tampa agent for the Apperson car.  It further appears that the petitioner, acting for himself and another, had previously loaned money to the bankrupt for use in his business; that he did not buy the cars for his individual use, nor was he a dealer in automobiles.

The referee found, after reviewing the testimony, that the transaction between the petitioner and the bankrupt was a loan, and the paper writing produced at the hearing was a mortgage.  Taking into consideration that Hallbauer abandoned his business, so that an involuntary petition in bankruptcy was filed on May 8, 1920, and a receiver appointed in the proceeding prior to the appointment of a trustee, that application was made to make this trustee a party defendant to a foreclosure

proceeding, together with the other facts appearing from the evidence, I think the order of the referee is correct.

The petition to review will therefore be denied.